**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MARVIN R. ANDERSON, a/k/a Ronnie
Anderson,
*Defendant-Appellant.*

No. 00-4873

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

EARL WALTER COX,
*Defendant-Appellant.*

No. 00-4927

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-99-239)

Submitted: July 31, 2001

Decided: September 10, 2001

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

David O. Schles, STOWERS & ASSOCIATES, Charleston, West Virginia; Grafton Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellants. Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marvin R. Anderson and Earl Walter Cox pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C.A. § 841(a) (West 1999), and received sentences of 121 months imprisonment and seventy-eight months imprisonment, respectively. Anderson contests the district court's refusal to award him an adjustment for acceptance of responsibility. *U.S. Sentencing Guidelines Manual* § 3E1.1 (2000). Cox contends that the district court violated his right to a jury trial and due process by determining the amount of drugs attributed to him at sentencing by a preponderance of the evidence. We affirm.

Anderson began cooperating with authorities during the investigation of the conspiracy. However, he made conflicting statements concerning the amounts of cocaine and marijuana he had received from co-conspirator Brian Richmond to investigators, at his guilty plea hearing, to the probation officer, and in his testimony at Richmond's sentencing hearing. The district court consequently reduced the offense level recommended by the probation officer for both Richmond and Cox, who were sentenced on the same day. The court advised Anderson that it was unlikely that he would receive an adjustment for acceptance of responsibility. Because Anderson's attorney suggested that Anderson might have suffered brain damage as a result

of cocaine use, the court deferred Anderson's sentencing to permit him to be evaluated.

Anderson was subsequently at a private clinic, which found that he had a serious memory defect caused by drug use and two head injuries and that he was not competent to assist in his own legal defense. The court then requested a second evaluation at the Federal Correctional Institution at Butner, which concluded that Anderson had a mild to moderate memory problem that had not caused him serious difficulty, either during or prior to the evaluation.

When the district court finally sentenced Anderson, it accepted the Butner report, rejecting the other report's conclusions to the extent that they were in conflict. The court found that Anderson had obstructed justice by attributing exaggerated amounts of drugs to his co-defendants and minimizing his own involvement in some of his conflicting statements under oath, thus impairing the district court's presentence investigation in their cases. The court also declined to reduce Anderson's offense level for acceptance of responsibility.

Anderson did not contest the obstruction of justice adjustment. He argues on appeal that his cooperation and guilty plea entitled him to a reduction for acceptance of responsibility. We find that the district court did not clearly err in declining to make the adjustment. *See* USSG § 3E1.1, cmt. n.4 (directing that conduct resulting in enhancement under § 3C1.1 ordinarily indicates lack of acceptance of responsibility).

Cox, who sold small amounts of cocaine to investigators on two occasions, maintains that the district court erred by increasing his offense level on the basis of relevant conduct that the government was not required to prove to a jury beyond a reasonable doubt. He acknowledges that his sentence does not violate the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). He argues that *Apprendi* and *Jones v. United States*, 526 U.S. 227 (1999), do not go far enough.

Because Cox did not raise this issue in the district court, we review the claim for plain error, *United States v. Olano*, 507 U.S. 725, 731-32 (1993), and find none. Sentencing factors that do not increase the statutory maximum may be decided by the sentencing court by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 156 (1997) (per curiam) (use of preponderance of evidence standard at sentencing satisfies due process); *United States v. Kinter*, 235 F.3d 192, 200-01 (4th Cir. 2000) (same), *cert. denied*, 121 S. Ct. 1393 (2001).

We therefore affirm the sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*